# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| ROSEMARY VALDEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-05-228 |
| | § | |
| AMERICAN HOME PATIENT, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment [Docket No. 19]. American Home Patient, Inc. ("American" or "Defendant") argues that it is entitled to summary judgment on all of the substantive claims asserted by Rosemary Valdez ("Plaintiff" or "Valdez") for age discrimination, sexual harassment, retaliation, and intentional infliction of emotional distress. Because Plaintiff has failed to provide evidence of any issue of material fact regarding her claims, the Court hereby **GRANTS** American's Motion for Summary Judgment.

**I.     BACKGROUND**

Valdez was employed with American from August 1984 through March 2004 as a Business Office Manager. She turned forty years of age on September 5, 1997, while still employed with American. From the time that she became forty until her resignation from the company, Plaintiff received one promotion and two pay raises, all of which occurred during the summer of 2003. *Docket No. 19*, Ex. 1.

According to the Original Petition, on October 29, 2003, Plaintiff was approached by two female employees who reported that the General Manager, Luis Ramirez, had sexually harassed them. Pursuant to company policy, Plaintiff called American's Human Resources Department to report the incidents. Later that evening, Plaintiff and the two aforementioned individuals also

reported Ramirez to the company's complaint hotline. On October 31, 2003, American's Vice President for Human Resources, Max Neiderle, and Area Vice President, Ed Gay, traveled to Harlingen and commenced an investigation regarding those reports. During the investigation, Ramirez was excused from the premises and all three employees, including Plaintiff, were interviewed. Plaintiff stated in her deposition that she does not recall reporting any complaints regarding herself at that time. She also stated in her deposition that Ramirez was verbally reprimanded as a result of the investigation and required to go through additional training regarding American's harassment policy.

Valdez claims that due to American's investigation, she was discriminated against by Ramirez when he removed several of her long-held job duties. In her deposition, however, Plaintiff indicated that these duties were allegedly taken from her during the summer of 2003, <u>prior to the October investigation</u>, and at the same time that she received a promotion and two pay raises. Plaintiff also admitted that from October 29, 2003, to March 2004, when she resigned, her duties, pay, and benefits remained the same.

According to her Original Petition, Valdez filed an initial complaint with the Texas Commission on Human Rights on July 30, 2004. She received a Notice of Right to File Civil Action letter on May 18, 2005. She then filed the above-styled cause of action on July 17, 2005, in the Cameron County Court at Law No. 2. Valdez's Original Petition asserted claims of age discrimination, sexual harassment, retaliation, and intentional infliction of emotional distress. The Original Petition specifically states that she only intends to pursue causes of action under Texas law and that she "has not alleged any federal cause of action." *Orig. Pet.*, at 2–3. American subsequently removed the lawsuit to this Court and filed a Motion for Summary Judgment.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a defendant may move for summary judgment with or without supporting evidence. FED. R. CIV. P. 56. Summary judgment is appropriate if the pleadings and the evidence show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the initial burden of establishing the basis for its motion and identifying those portions of the record that lack an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To satisfy this burden, the moving party may either submit evidence that mitigates the existence of a material element of the plaintiff's claim or show that there is no evidence to support an essential element of the plaintiff's claim. *Id.* at 325. To defeat a properly-supported motion, the opposing party must then present affirmative evidence beyond mere allegations and denials of its pleadings that a genuine issue of material fact does exist**.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**III.    DISCUSSION**

Defendant's Motion for Summary Judgment [Docket No. 19] argues that it is entitled to summary judgment on all of Plaintiff's substantive claims because: (1) Plaintiff abandoned her intentional infliction of emotional distress claim during her deposition; (2) Plaintiff stated in her deposition that she could not recall any instances of being discriminated against because of her age; (3) Plaintiff has failed to produce any evidence to establish a prima facie case of retaliation; (4) her sex discrimination claim is untimely; and (5) Plaintiff has failed to establish one of the elements for sex discrimination, namely that her employer failed to take prompt remedial action. Although Plaintiff responded to Defendant's Motion [Docket No. 20], she did not attach any summary judgment evidence to support her claims.

### A.     The Intentional Infliction of Emotional Distress Claim

During Plaintiff's deposition, she specifically stipulated as to the dismissal of her intentional infliction of emotional distress claim.  Moreover, Plaintiff's Response to Defendant's Motion for Summary Judgment does not even mention that claim.  *Docket No. 20.*  Indeed, the Response characterizes this suit as "a sexual harassment and age discrimination case." *Id.* at 5.  Therefore, to the extent necessary, summary judgment is granted with regard to Plaintiff's intentional infliction of emotional distress claim.

### B.     The Employment Discrimination Claims

Pursuant to the Texas Commission on Human Rights Act ("TCHRA"), "An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual . . . " TEX. LAB. CODE ANN. § 21.051(1). The TCHRA is interpreted in a manner consistent with federal laws prohibiting employment discrimination.  *Id.* at § 21.001 (goal of act is to execute the policies of Title VII); *see also Daniels v. City of Arlington*, 246 F.3d 500, 507 (5th Cir. 2001) (stating that the Supreme Court of Texas has held that "the TCHRA is modeled on Title VII of the federal Civil Rights Act, and should be interpreted in the same manner"); *M.D. Anderson Hosp. and Tumor Institute v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000) (stating "Texas courts have looked to federal law in interpreting the TCHRA's provisions").

#### 1.     The Age Discrimination Claim

In order to assert an age discrimination claim based on circumstantial evidence, the parties must engage in a *McDonnell Douglas* burden-shifting scheme.  *Wal-Mart Stores, Inc. v. Canchola*,

121 S.W.3d 735, 739 (Tex. 2003); *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973). The first step of the scheme requires the plaintiff to establish a prima facie case that establishes evidence of discriminatory treatment. *Baker*, 430 F.3d at 753. A prima facie case of discrimination requires the plaintiff to show that: (1) she is a member of a protected group; (2) she was qualified for the position at issue; (3) she was discharged or suffered some adverse employment action by the employer; and (4) she was replaced by someone who is not a member of her protected group or she was treated less favorably than similarly situated younger employees. *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003). If a prima facie case of age discrimination is established, the burden shifts to the defendant to articulate "a legitimate, nondiscriminatory reason for the employment action." *Id*. If the defendant properly asserts a reason, the burden re-shifts to the plaintiff to prove discrimination by demonstrating that the employment action was a pretext for discrimination. *Id.*

In the instant case, Plaintiff stated in her deposition that she does not recall any incidents, such as age derogatory comments or disparate treatment, that support her age discrimination claim. She also has not brought forth proof that she was replaced by a younger individual. By failing to show that a discriminatory employment action occurred, Plaintiff has failed to establish a prima facie case of age discrimination.

        2.     The Retaliation Claim

In order to establish a retaliation claim under the TCHRA, a plaintiff must show that: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal connection existed between the participation in the activity and the adverse employment action. *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 376 (Tex. App.—Fort Worth 2006, no pet.); *Graves*

*v. Komet*, 982 S.W.2d 551, 554 (Tex. App.—San Antonio 1998, no pet.). Plaintiff satisfies the first prong because she engaged in a protected activity on October 29, 2003, when she reported Ramirez's alleged activities to American's Human Resources Department and to American's complaint hotline. However, she cannot satisfy the second or third prongs.

Plaintiff attempts to satisfy the second prong by merely asserting that she was subjected to a "constructive discharge." A constructive discharge exists when an employee is subjected to treatment that is so intolerable that a reasonable person would feel compelled to resign. *Harvill v. Westward Communications L.L.C.*, 433 F.3d 428, 440 (5th Cir. 2005). In the instant case, Plaintiff resigned from American in March 2004. In her resignation letter, she does not claim that she was forced to quit or that she was constructively discharged. Instead, she thanks the company for the opportunity of having been employed with them. Furthermore, in later employment applications, Plaintiff indicated that she left her employment with American due to her father's illness, not "intolerable treatment." *Docket No. 19*, Exs. 2–4. Although she claims that she experienced a "chilling effect" when she was stripped of a number of her long-held work duties, she admitted in her deposition that the change in her job duties occurred in the summer of 2003, well before she reported Ramirez's actions to American. Further, she admitted in her deposition that she was doing the same job at the end of her employment that she had done when she reported the sexual harassment complaints.

Because Plaintiff has presented no summary judgment evidence that raises a fact issue with regard to whether an adverse employment action occurred as a result of Plaintiff's participation in

a protected activity, Plaintiff has failed to make a prima facie showing of retaliation.[1]

### 3.     The Sexual Harassment Claim

A five-factor test is used in a case involving a sexual harassment claim alleging hostile work environment. The Plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subject to uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). If the alleged harassment was perpetrated by a supervisor with immediate or successively higher authority over the employee, the employee need only satisfy the first four elements of the test outlined above. *Id*.

In her factually unsupported Response, Plaintiff claims that she was demoted because she "was denied responsibilities that she had previously and successfully carried, and demoted from being very active, responsible for the activities of others, to merely answering phones." *Docket No. 20*, at 13. She also states that the "hostile work environment, demotion, and 'chilling' of her career, occurring after her complaint of sexual harassment, and during the time that her abuser was allowed to maintain control over her career, is sufficient evidence of an intent to discriminate." *Id.* at 14.

---

[1] The Supreme Court recently decided *Burlington Northern & Santa Fe Railway Co. v. White*, —U.S.—, 2006 WL 1695953 (June 22, 2006), in which it held that the standard for determining actionable retaliation is whether "a reasonable employee would have found the challenged action materially adverse" or, in other words, would it have "dissuaded a reasonable [employee] from making or supporting a charge of discrimination." *Id*. at *10. Prior to *Burlington*, the Fifth Circuit employed the more restrictive "ultimate employment decision" standard, which limited actionable retaliatory conduct to acts "such as hiring, granting leave, discharging, promoting, and compensating." *Id*. at *5. Traditionally, a change in job duties does not fit within the Fifth Circuit standard. Although the Fifth Circuit has not yet issued a ruling that reflects *Burlington*, because Plaintiff has failed to establish that any adverse employment action occurred, or that a causal relationship exists between the alleged wrong and an adverse employment action, this Court need not take into consideration *Burlington*.

Furthermore, she claims that even though Ramirez did not further assault her after the October investigation, "he continued to be her supervisor, and was the instrument of the Defendant in "chilling" the work conditions of Ms. Valdez to the point that she resigned." *Id.* at 13.

According to her Response, Plaintiff's alleged injuries—i.e., her alleged demotion, the hostile work environment, the constructive discharge, and the chilling effect her career suffered—all occurred after reporting Ramirez to American's Human Resources Department.  Yet, Plaintiff admitted in her deposition that her job duties did not change from the time that she reported the sexual harassment complaints in October of 2003 to the time that she resigned in March of 2004. Indeed, the only change in job duties that she can point to occurred during the summer of 2003, which this Court notes corresponds to the time that she received one promotion and two pay raises. Plaintiff has not shown that the alleged harassment she suffered affected a "term, condition, or privilege of employment" because she has essentially admitted that her job duties remained the same after reporting Ramirez's alleged sexual harassment.

Even if this Court were to consider the alleged change in job duties that occurred during the summer of 2003 as a tangible and/or adverse employment action, Plaintiff has not claimed and has certainly not brought forth any summary judgment evidence that what happened in the summer of 2003 was the result of sexual harassment.  Rather, she focuses her argument almost entirely on the alleged hostile work environment that occurred after October of 2003.  As this Court has already pointed out, she admitted that her job remained the same from that point until she resigned.

Viewing the record in the light most favorable to Plaintiff, Plaintiff has failed to show that any alleged sexual harassment affected a "term, condition, or privilege of employment."  It is important to note that she has also failed to provide any summary judgment evidence that a hostile

work environment existed in the workplace. Therefore, her sexual harassment claim does not survive summary judgment.

        4.      Statute of Limitations

Defendant argues that the sexual harassment claim specifically is untimely. Under the TCHRA, complaints of employment discrimination must be filed no later than 180 days after the alleged unlawful employment practice occurred. TEX. LABOR CODE ANN. § 21.202. Therefore, all of Plaintiff's employment discrimination claims are subject to the 180-day limitation.

Because Plaintiff has not shown that she suffered any adverse employment actions, the statute of limitations is not an issue. If she had, however, she would have had to show that at least one of the adverse employment actions occurred within 180 days of the time that she filed a complaint with the Texas Commission on Human Rights, which, according to the Original Petition, occurred on July 30, 2004.

Plaintiff attempted to raise the "continuing violation" doctrine as a defense to Defendant's limitation argument. *See Docket No. 20*. The continuing violation doctrine provides an equitable exception to the statute of limitations where an unlawful employment practice manifests itself over time rather than as a series of discrete acts. *See Waltman v. Intern'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989) (quoting *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir. 1986). "The continuing violation theory relieves a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (quoting *Messer v. Meno*, 130 F.3d 130, 134–35 (5th Cir. 1997).

Specifically with respect to her sexual harassment claim, Plaintiff claims that the hostile

environment that she was subjected to from October 2003 until her resignation in March 2004 constitutes a "continuing violation." However, during her deposition, Plaintiff could not provide a description of even one instance of mistreatment that occurred during the alleged "continuing violation" period. Plaintiff was only able to describe instances of misconduct that allegedly occurred prior to October 29, 2003. Therefore, the statute of limitations on Plaintiff's claim has been running since at least October 29, 2003. Because Plaintiff did not file the original lawsuit until July 2004, and because the continuing violation doctrine does not apply, she is well beyond the 180-day limitation period.

**IV.   CONCLUSION**

Plaintiff has failed to establish prima facie cases of age discrimination, sexual harassment, and retaliation. Therefore, the issue of whether this lawsuit is barred by the statute of limitations is moot. American's Motion for Summary Judgment [Docket No. 19] is hereby **GRANTED**.

Signed in Brownsville, Texas, this 12th day of July, 2006.

Andrew S. Hanen
United States District Judge